UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILIO ROMERO, #NW5208, | |
| Plaintiff, | CIVIL ACTION NO. 3:19-cv-01038 |
| v. | (SAPORITO, M.J.) |
| TOBYHANNA TOWNSHIP, et al., | |
| Defendants. | |

## MEMORANDUM

This is a fee-paid federal civil rights action, which commenced when the plaintiff, Emilio Romero, filed his original *pro se* complaint on June 19, 2019. (Doc. 1.) At the time of filing, Romero was incarcerated at the Monroe County Correctional Facility, a local jail located in Monroe County, Pennsylvania.

On December 6, 2019, now represented by counsel, the plaintiff filed an amended complaint. (Doc. 40; *see also* Doc. 37; Doc. 39.) Sorting themselves into two separately represented groups, the defendants answered the complaint, and the parties commenced discovery. (*See* Doc. 46; Doc. 49.)

On October 29, 2020, the County Defendants[1] filed a Rule 56 motion for summary judgment. (Doc. 64.) That same day, in accordance with the requirements of Local Rule 56.1, they filed a statement of material facts in support of their motion for summary judgment, together with an appendix of documentary exhibits. (Doc. 65.) In accordance with the federal and local rules, the statement of material facts was set forth in numbered paragraphs and included references to the parts of the record that supported the statements. *See* Fed. R. Civ. P. 56(c)(1); M.D. Pa. L.R. 56.1. On October 30, 2020, the County Defendants filed a brief in support of their motion for summary judgment. (Doc. 70.)

On October 30, 2020, the Township Defendants[2] filed a Rule 56 motion for summary judgment. (Doc. 66.) That same day, in accordance with the requirements of Local Rule 56.1, they filed a statement of

---

[1] The "County Defendants" are: Brian Webbe, a detective with the Monroe County district attorney's office; and Michael Rackaczewski, an assistant district attorney with the Monroe County district attorney's office.

[2] The "Township Defendants" are: Chris Wagner, chief of the Mount Pocono Regional Police Department; Lucas Bray, a detective with the Mount Pocono Regional Police Department; and the five municipalities serviced by the Mount Pocono Regional Police Department—Tobyhanna Township, the Borough of Mount Pocono, Tunkhannock Township, Coolbaugh Township, and Barrett Township.

material facts in support of their motion for summary judgment, together with an appendix of documentary exhibits. (Doc. 68; Doc. 69; see also Doc. 71.) In accordance with the federal and local rules, the statement of material facts was set forth in numbered paragraphs and included references to the parts of the record that supported the statements. See Fed. R. Civ. P. 56(c)(1); M.D. Pa. L.R. 56.1. The Township Defendants also filed a brief in support of their motion for summary judgment that same day. (Doc. 67.)

Due to counsel's busy schedule, the plaintiff requested and was granted an extension of time to respond to the motions for summary judgment. (Doc. 72; Doc. 73; Doc. 74.) The plaintiff was ordered to file his papers in opposition to summary judgment on or before December 20, 2020. (Doc. 74.)

On December 21, 2020, plaintiff's counsel filed two identical copies of a document styled "statement of facts."[3] (Doc. 75; Doc. 76.) In e-filing these documents on the court's ECF docket, plaintiff's counsel linked the first copy to the County Defendants' summary judgment motion and the

---

[3] If there is any difference between the two documents, it is not readily apparent to our eyes.

second copy to the Township Defendants' summary judgment motion. Plaintiff's counsel also filed an appendix of documentary exhibits. (Doc. 77; Doc. 78.) The plaintiff's statement of facts did not respond to the numbered paragraphs set forth in the defendants' statements of material facts. *See* M.D. Pa. L.R. 56.1. On December 22, 2020, plaintiff's counsel filed a combined brief in opposition to both motions for summary judgment. (Doc. 80.)

Recognizing that these opposition papers were filed after the date certain set by our order granting the plaintiff an extension, plaintiff's counsel also filed a motion for an extension of time *nunc pro tunc* that same day, December 22, 2020. (Doc. 81.) On December 23, 2020, we granted the request for an extension of time *nunc pro tunc* for good cause shown and upon a finding of excusable neglect. (Doc. 82.)

On December 28, 2020, the County Defendants filed a reply brief in support of their summary judgment motion. (Doc. 83.) On December 30, 2020, the Township Defendants filed a reply brief in support of their summary judgment motion. (Doc. 90.)

That same day, December 30, 2020, the County Defendants filed a motion to strike the plaintiff's statement of facts for non-compliance with

Local Rule 56.1, together with a brief in support of that motion. (Doc. 84; Doc. 85.) The County Defendants also filed a motion to have their own statement of material facts deemed admitted pursuant to Local Rule 56.1, together with a brief in support. (Doc. 86; Doc. 87.) That same day, the Township Defendants filed a similar motion to have their own statement of material facts deemed admitted, together with a brief in support. (Doc. 88; Doc. 89.)

The plaintiff did not timely file any response to these three motions—a motion to strike the plaintiff's statement of facts and two motions to have the defendants' statements of material facts deemed admitted. *See* M.D. Pa. L.R. 7.6 (requiring a non-moving party to file a brief in opposition within 14 days after service of the movant's brief, and providing that a party who fails to timely file a brief in opposition shall be deemed not to oppose the motion). On February 4, 2021—more than three weeks after the time to respond had expired—we entered an order granting the plaintiff a *sua sponte* extension of time and directing him to file responses to these three motions within fourteen days. (Doc. 93.) In our order, we admonished the plaintiff that failure to timely file opposition briefs would result in the motions being deemed unopposed.

(*Id.*) *See generally* M.D. Pa. L.R. 7.6.

On February 16, 2021, plaintiff's counsel filed a brief in opposition to the motion to strike. (Doc. 94.) Attached to his brief was a revised version of the plaintiff's statement of facts. (Doc. 94-1.) The plaintiff's revised statement of facts was substantively identical to his original statement of facts, except that he had broken it out into 96 numbered paragraphs. (*Compare id. with* Doc. 75 *and* Doc. 76.) The plaintiff's revised statement of facts still did not respond to the numbered paragraphs set forth in the defendants' statements of material facts. *See* M.D. Pa. L.R. 56.1.

The plaintiff did not file a brief in opposition to either of the defendants' motions to have their statements of material facts deemed admitted. Thus, these two motions are deemed unopposed. *See* M.D. Pa. L.R. 7.6. On February 17, 2021, however, plaintiff's counsel filed untimely responses to the defendants' statements of material facts. (Doc. 95; Doc. 96.) The plaintiff responded to the numbered paragraphs set forth in the defendants' statements by admitting or denying each one, but he did not include any references whatsoever to the record to support his denials. *See* M.D. Pa. L.R. 56.1.

Under Local Rule 56.1, a party opposing summary judgment is required to file "a separate, short and concise statement of the material facts, responding to the numbered paragraphs" in the movant's statement of material facts. M.D. Pa. L.R. 56.1. The local rule does not permit a non-moving party to file an additional statement of material facts that does not respond to the movant's statement. *See Farmer v. Decker*, 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-movant's additional statement of facts for non-compliance with Local Rule 56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (declining to consider separate counter-statement of facts that was non-responsive to the movant's statement because it was "neither contemplated nor permitted by the Local Rules"); *see also Rau v. Allstate Fire & Cas. Ins. Co.*, 793 Fed. App'x 84, 87 (3d Cir. 2019) (upholding district court decision to strike non-movant's non-responsive counter-statement of facts under Local Rule 56.1); *Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 64, 613–14 (3d Cir. 2018) (upholding district court decision to strike non-responsive paragraphs from non-movant's answer to movant's statement of material facts under Local Rule 56.1). Accordingly, the court will grant the County Defendants' motion and strike Romero's statement

of facts with respect to the County Defendants' summary judgment motion because it does not comply with Local Rule 56.1.

Moreover, it is well established that abusive filings "may be stricken *sua sponte* under the inherent powers of the court." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (striking appellate brief); *Thomas v. Keystone Real Estate Grp. LP*, No. 4:14-CV-00543, 2015 WL 1471273, at *8 (M.D. Pa. Mar. 31, 2015) (striking motion and accompanying brief and exhibits). The plaintiff's statement of facts with respect to the Township Defendants' summary judgment motion is *identical* to his statement of facts with respect to the County Defendants' motion. Accordingly, we will strike that document as well, *sua sponte*.

Finally, we turn to the plaintiff's untimely filed responses to the defendants' statements of material facts. As we noted above, the defendants have moved to have their respective statements of material facts deemed admitted based on the plaintiff's failure to timely respond, and, because the plaintiff has failed to file any brief in opposition to these motions, the defendants' motions are deemed unopposed. *See* M.D. Pa. L.R. 7.6. Moreover, under Rule 56 of the Federal Rules of Civil Procedure,

> [a] party asserting that a fact . . . is genuinely disputed must support that assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited [by the movant] do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Our local rule similarly provides that "[s]tatements of material facts . . . in opposition to[] a motion [for summary judgment] shall include references to the parts of the record that support the statements." M.D. Pa. L.R. 56.1. The plaintiff's responses to the defendants' statements of material facts contain no citations or references whatsoever to any parts of the record on summary judgment. (*See* Doc. 95; Doc. 96.) Accordingly, the court will grant the defendants' motions to have their respective statements of material facts deemed admitted, and we will consider the facts asserted therein to be undisputed for purposes of their respective motions for summary judgment. *See* Fed. R. Civ. P. 56(e)(2).

An appropriate order follows.

Dated: September __3__, 2021      _Joseph F. Saporito Jr._
                                  JOSEPH F. SAPORITO, JR.
                                  United States Magistrate Judge